UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENITA WILLIAMS, as Next Friend of
DEMOURE JOHNSON, a minor,

         Plaintiff,         No. 06-CV-12512-DT

vs.         Hon. Gerald E. Rosen

OAK PARK CITY SCHOOL DISTRICT, OAK
PARK BOARD OF EDUCATION, JAMES
NORMAN PERRY, WILLIAM PARKER,
BRENDA SNOW and SANDRA HARRIS,

         Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS OR STAY PROCEEDINGS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    April 6, 2007

PRESENT:  Honorable Gerald E. Rosen
                 United States District Judge

I.  INTRODUCTION

     This Title IX/Section 1983 action is presently before the Court on the Motion of the Defendants for the dismissal or stay of proceedings pursuant to the *Colorado River*[1] abstention doctrine. Plaintiff has responded to Defendants' Motion and Defendants have

---

[1] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976).

replied. Having reviewed and considered the parties' briefs, supporting evidence and the entire record of this case, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## I. PERTINENT FACTS

On March 14, 2006, Plaintiff Venita Williams, as next friend of Demoure Johnson, her son, filed a complaint in Oakland County Circuit Court against the Oak Park Board of Education, James Norman Perry, Superintendent Sandra Harris, Oak Park Board of Education President William Parker and Key Elementary School Principal Brenda Snow. The complaint alleges that on October 12, 2005, Demoure Johnson was sexually assaulted while at school by James Norman Perry, who at the time was a teacher at Key Elementary School (the "state court action"). The complaint alleges only Michigan state law claims of assault, battery, intentional infliction of emotional distress, negligence, gross negligence, *respondeat superior*/vicarious liability and nuisance.

Approximately three months later, on June 6, 2006, Plaintiff Williams, again as next friend of Demoure Johnson, filed the instant action against the Oak Park City School District, the Oak Park Board of Education, James Norman Perry, William Parker, Brenda Snow and Sandra Harris, which, like the state court complaint, alleges that Demoure Johnson was sexually assaulted by Key Elementary School teacher James Norman Perry on October 12, 2005 (the "federal action"). In the federal complaint, Plaintiff alleges only federal claims under 42 U.S.C. § 1983 and Title IX of 20 U.S.C. § 1981.

2

In the ensuing months, there has been considerable activity in the state court action. The parties have engaged in a substantial amount of discovery, dispositive motions have been filed and heard (and denied), case evaluation has been conducted (and rejected), and a resolution reached with respect to the Plaintiff's claims against the Oak Park Board of Education, School Board President Parker and Superintendent Harris. [*See* Oakland County Circuit Ct. Case No. 06-073115-NO; docket available on the internet at www.oakgov.com].[2] Meanwhile, in this case, the Defendants moved to dismiss or stay the proceedings based upon the *Colorado River* abstention doctrine.

## III. DISCUSSION

Because of the "virtual unflagging obligation of the federal courts to exercise the jurisdiction given them," as between state and federal courts, the rule is that "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96. S.Ct. 1236 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501 (1910)). However, in "extraordinary and narrow" circumstances, a district court may abstain from exercising jurisdiction over a case where there is a concurrent state proceeding, based on considerations of "'[w]ise judicial administration, giving regard to conservation of judicial resources and

---

[2] It appears that trial against the remaining defendants is now scheduled to commence on May 29, 2007. *See* www.oakgov.com, docket for case no. 06-073115-NO (3/22/2007 docket entry).

comprehensive disposition of litigation.'" *Id.* at 813, 816, 96 S.Ct. 1236 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219 (1952)). Abstention from federal jurisdiction, however, is the exception, not the rule. *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244.

While declining to prescribe a "hard and fast rule," the Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a federal district court to decline exercising jurisdiction: (1) assumption by either court over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 55 U.S. 277, 285-86, 115 S.Ct. 2137 (1995) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983)); *see also Crawley v. Hamilton County Commissioners*, 744 F.2d 28 (6th Cir. 1984); *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998).[3]

However, whether to surrender jurisdiction because of parallel state court litigation does not rest on a "mechanical checklist" of these factors, but on a "careful balancing" of

---

[3] To the *Wilton/Moses H. Cone* list of factors, the Sixth Circuit has added (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *See Romine*, *supra*, 160 F.3d at 341.

them, "as the apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927.

Balancing the above factors, the Court declines to abstain from entertaining jurisdiction in this case.

First, this case does not involve any *res* or property over which any court, state or federal, has taken control. The absence of this factor is not, however, a "neutral item, of no weight in the scales." *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Rather, the absence of this first factor weighs against abstention. *Id.* Second, the federal and state court suits are both in the Metropolitan Detroit area. Therefore, the "inconvenience of the forum" factor is inapplicable. Its absence, thus, also weighs against abstention. *Id.*

Third, these cases do not involve true "piecemeal litigation." The federal and state cases involve the same plaintiff, the same defendants, and the same issue, *viz*, the alleged sexual assault of Demoure Johnson. Thus, this parallel litigation is duplicative, not piecemeal. The prevention of duplicative litigation is not a factor to be considered in a state-versus-federal court abstention determination. (As between two federal district courts, however, "the general principle is to avoid duplicative litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246); *accord Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (federal district court properly declined to abstain from entertaining plaintiff's federal ADEA action based upon the pendency of a duplicative discrimination suit predicated upon state anti-discrimination statute in state court).

Furthermore, one of Plaintiff's two federal claims in the instant action is a claim under 42 U.S.C. § 1983.  Section 1983 was adopted to provide alternative, supplemental relief to persons who almost always have a state law remedy.  *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481 (1961), *overruled on other grounds, Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978).  Therefore, "'piecemeal litigation and some duplication of judicial effort' is unavoidable to preserve the 'access to the federal relief which section 1983 assures.'" *Allen v. Board of Educ., Unified School Dist. 436*, 68 F.3d 401, 403 n. 3 (10th Cir. 1995) (citation omitted.)  Accordingly, this factor weighs against abstention.

The fourth (and seventh factors), however, weigh in favor of abstention.  Not only was the state court action filed first, but also, it has progressed substantially since the complaint was filed, whereas there has been little activity in this case since the filing of Defendants' motion to dismiss.[4]  The Supreme Court has noted that a factor favoring dismissal of a federal suit is "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." *Colorado River*, 424 U.S. at 820, 96 S.Ct. at 1248.

The fifth factor -- whether and to what extent federal law provides the rules of decision on the merits in this case -- weighs against abstention.  The presence of a federal

---

[4] The Court assumes, however, that the discovery conducted by the parties to date in the state court action constitutes substantially the same discovery needed in the instant action.

law issue "must always be a major consideration weighing against surrender [of jurisdiction." *Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. 927. The only claims alleged by Plaintiff in this action are Section 1983 and Title IX claims. Thus, only federal rules of decision will be involved. Conversely, in the state court, only state law claims are alleged, and hence, only state rules of decision will be involved there. Because this case involves only federal rules of decision, this factor weighs against abstention.

While it is true that state courts have concurrent jurisdiction over Section 1983 actions,[5] the Court must assess the cases in their present posture, *not* whether Plaintiff could have brought her federal claims in state court. The cases relied upon by Defendants are, thus, inapposite as they all involve actions where in the state courts, the plaintiffs raised federal claims or in federal courts, the plaintiffs raised state claims. None of the cases present the same scenario presented here -- i.e., one in which in state court only state claims are alleged and in federal court only federal claims are alleged.

The final factor for the Court to consider is whether the parallel state litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. The decision "to invoke *Colorado River* [and stay or dismiss federal proceedings] necessarily contemplates that the federal court will have nothing further to

---

[5] The issue of concurrent jurisdiction of state courts over Title IX sexual harassment/discrimination claims has not been adjudicated although it appears that Michigan accepts the proposition that its state courts may exercise jurisdiction over such claims. *See Fortune ex rel. Fortune v. City of Detroit Public Schools*, 2004 WL 2291333 (Mich. App. 2004) (unpublished opinion).

7

do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. 927 (citations omitted).

While it is true that a decision on the merits in the state action will likely have a *collateral estoppel* effect as to many of the factual issues in this action, there are elements of the federal claims that will still need to be adjudicated. For example, to succeed with her Title IX claim for damages against the Oak Park School District, Plaintiff must show that Mr. Perry's superiors, e.g., Defendant Snow, had actual knowledge of the sexual assault. ("We conclude that it would frustrate the purposes of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of *respondeat superior* or constructive notice, i.e., without actual notice to a school district official." *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 285 118 S.Ct. 1989, 1997 (1998)). Plaintiff's Section 1983 claim likewise will require a determination not only of the specific elements of her claim of violation of Due Process but undoubtedly also issues pertaining to qualified immunity. Therefore, the Court finds that "adequacy of state proceedings" factor weighs against abstention in this case.

## CONCLUSION

Guided by the principles that no one factor is necessarily determinative and that a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required, the Court finds that it would be inappropriate to abstain from entertaining the instant

8

action. Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss or Stay Proceedings is DENIED.

The Court having further concluded that justice requires that Plaintiff's request for leave to amend her complaint to add two additional School District defendants should be granted,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend/Correct her Complaint is GRANTED. Accordingly,

IT IS FURTHER ORDERED that, within five days of the date of this Order, Plaintiff shall file with the Court and serve upon Defendants an Amended Complaint in the form and substance of the proposed amended complaint attached to Plaintiff's October 27, 2006 Motion. Defendants shall file and serve their Answer to the Amended Complaint within 14 days after such service.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: April 6, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager